LATHAM & WATKINS LLP
Laura R. Washington (Bar No. 266775)
*laura.washington@lw.com*
Dixon M. Carvalho Anderson (Bar No. 333894)
*dixon.carvalhoanderson@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Telephone: (424) 653-5500

Brittany N. Lovejoy (Bar No. 286813)
*britt.lovejoy@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

*Attorneys for Defendant*
*Parkwood Entertainment, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HIROSE ENTERPRISE LLC, *a Delaware limited liability company*; and SHUJI HIROSE, *an individual*,

Plaintiffs,

v.

JOHN HOLIDAY, *professionally known as* FOREMOST POETS; BEYONCE KNOWLES-CARTER, professionally known as BEYONCE; PARKWOOD ENTERTAINMENT, LLC; SONY MUSIC ENTERTAINMENT; SONY MUSIC PUBLISHING, LLC; and W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP.,

Defendants.

Case No. 2:26-cv-08851-MEMF-AJRx

**NOTICE OF MOTION AND MOTION FOR SANCTIONS**

Date: February 4, 2027
Time: 10:00 a.m.
Courtroom: 8B

Hon. Maame Ewusi-Mensah Frimpong

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 4, 2027 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Central District of California, Courtroom 8B, located at 350 West 1st Street, Los Angeles, California 90012, Defendant Parkwood Entertainment, LLC ("Parkwood") through its undersigned counsel will, and hereby does, move this Court to impose sanctions on counsel for Plaintiffs Hirose Enterprise LLC and Shuji Hirose ("Plaintiffs"), DaShawn Hayes, and Mr. Hirose under Federal Rule of Civil Procedure 11. Mr. Hayes and Mr. Hirose knew that the allegations in the complaint were unfounded and that Plaintiffs' copyright infringement claims against Parkwood were without merit before filing the complaint in this action. Further, a reasonable pre-suit investigation of basic facts and law would have confirmed that the suit against Parkwood is baseless. By proceeding with and filing this suit against Parkwood, Mr. Hayes and Mr. Hirose violated Rule 11. Parkwood respectfully requests an order from the Court:

(1) striking the *Hirose II* complaint and dismissing Plaintiffs' claims with prejudice;

(2) requiring Mr. Hayes and Mr. Hirose to reimburse Parkwood for reasonable costs and attorney's fees Parkwood has incurred in defending against Plaintiffs' baseless lawsuit, including in connection with preparing and filing this motion, responding to Plaintiffs' complaint, and for all other expenses directly resulting from Mr. Hayes' and Mr. Hirose's Rule 11 violations; and

(3) imposing any other penalties and nonmonetary directives that the Court considers appropriate under Federal Rule of Civil Procedure 11(c)(4).

Parkwood's Motion for Sanctions is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Laura R. Washington and accompanying Exhibits 1-10, oral argument of counsel, if any, and any other matter submitted to the Court.

Pursuant to Local Rule 7-3, counsel for Parkwood twice offered to meet and confer with Plaintiffs' counsel regarding this Motion for Sanctions. As of this filing, Plaintiffs' counsel has not responded. Decl. of Laura R. Washington ¶ 15 ("Washington Decl.").

.

Dated: October 15, 2026

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: *<u>/s/ Laura R. Washington</u>*
Laura R. Washington

*Attorneys for Defendant*
*Parkwood Entertainment, LLC*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 3

III. LEGAL STANDARD ..... 7

IV. ARGUMENT ..... 9

A. The *Hirose II* Complaint Was Filed In Bad Faith; Sanctions Are Warranted. ..... 9

B. Even Absent Bad Faith, Sanctions Are Warranted. ..... 11

C. The Court Should Strike And Dismiss The Complaint And Order Monetary Sanctions. ..... 13

V. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Air Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*,
744 F.3d 595 (9th Cir. 2014) .......... 4

*Amwest Mortg. Corp. v. Grady*,
925 F.2d 1162 (9th Cir. 1991) .......... 12

*Bols v. Newsom*,
2022 WL 17968082 (S.D. Cal. Sept. 27, 2022) .......... 9

*Bradshaw v. City of L.A.*,
750 F. Supp. 3d 1096 (C.D. Cal. 2024) .......... 8

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
498 U.S. 533 (1991) .......... 8, 9

*Carroll Shelby Wheel Co., Inc. v. Carroll Shelby Tr.*,
2017 WL 3485760 (C.D. Cal. Feb. 21, 2017) .......... 14

*Cash v. Credit Control, LLC*,
2025 WL 2946972 (C.D. Cal. Oct. 16, 2025) .......... 8, 13

*Christian v. Mattel, Inc.*,
286 F.3d 1118 (9th Cir. 2002) .......... 7, 12

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) .......... 13

*Estate of Blue v. County of Los Angeles*,
120 F.3d 982 (9th Cir. 1997) .......... 8

*Gaskell v. Weir*,
10 F.3d 626 (9th Cir. 1993) .......... 14

*Hamilton v. State Farm Fire & Cas. Co.*,
270 F.3d 778 (9th Cir. 2001) .......... 12

*Hirose Enters., LLC v. Holiday*,
No. 2:25-CV-06973-MEMF-AJR (C.D. Cal. July 29, 2025) .......... *passim*

*Holgate v. Baldwin*,
425 F.3d 671 (9th Cir. 2005) .......... 8, 11

*Hunt v. Sunny Delight Beverages Co.*,
2018 WL 6786265 (C.D. Cal. Dec. 18, 2018) .......... 10, 13

*Imprenta Servs., Inc. v. Karll*,
2022 WL 3012820 (C.D. Cal. May 13, 2022) .......... 12

*In re Keegan Mgmt. Co., Sec. Litig.*,
78 F.3d 431 (9th Cir. 1996) .......... 8

*Ivanova v. Columbia Pictures Indus., Inc.*,
217 F.R.D. 501 (C.D. Cal. 2003) .......... 13

*Kinney v. Bridge*,
2017 WL 130240 (N.D. Cal. Jan. 13, 2017) .......... 13

*Mellow v. Sacramento Cnty.*,
365 F. App'x 57 (9th Cir. 2010) .......... 8

*Mitchener v. Talkspace Network LLC*,
2025 WL 1822801 (C.D. Cal. June 27, 2025) .......... 14

*O'Coirbhin v. PNC Fin. Servs. Grp., Inc.*,
2026 WL 114416 (N.D. Cal. Jan. 15, 2026) .......... 11

*Oddo v. Ries*,
743 F.2d 630 (9th Cir. 1984) .......... 10

*Oneto v. Watson*,
808 F. Supp. 3d 974 (N.D. Cal. 2025) .......... 8

*Paciulan v. George*,
38 F. Supp. 2d 1128 (N.D. Cal. 1999), aff'd, 229 F.3d 1226 (9th Cir. 2000) .......... 14

*PAE Gov't Servs., Inc. v. MPRI, Inc.*,
514 F.3d 856 (9th Cir. 2007) .......... 7

*Parts.com, LLC v. Google Inc.*,
2014 WL 12461256 (S.D. Cal. June 25, 2014) .......... 7

*Patterson v. Apple Computer, Inc.*,
256 F. App'x 165 (9th Cir. 2007) .......... 8

*Realtek Semiconductor Corp. v. MediaTek, Inc.*,
820 F. Supp. 3d 914 (N.D. Cal. 2026) .......... 11

*Townsend v. Holman Consulting Corp.*,
929 F.2d 1358 (9th Cir. 1990) .......... 8, 12

*Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*,
2005 WL 1513130 (N.D. Cal. June 22, 2005) .......... 9

**RULES**

Fed. R. Civ. P.
11 .......... *passim*
11(b)(2) .......... 7
11(b)(3) .......... 7, 10
11(c)(1) .......... 8
11(c)(4) .......... 15

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Parkwood Entertainment, LLC ("Parkwood") has now spent well over a year defending itself against meritless copyright infringement claims brought by Shuji Hirose, the various entities that he controls, and his attorney, DaShawn Hayes. These claims suffer from many defects. Most fundamentally, Mr. Hirose and Mr. Hayes have conceded *to this Court* that John Holiday retained co-ownership rights in the copyright at issue. Mr. Hirose declared under penalty of perjury that Mr. Holiday, who is the author of the "Moonraker" track that forms the basis of Plaintiffs' copyright claims, retained 50% of the publishing rights in "Moonraker" and that ***third-party licensing rights*** were to be ***shared equally*** between Mr. Holiday and Mr. Hirose's entity, Soundmen on Wax, Ltd. ("Soundmen"). Mr. Hayes filed that declaration and signed a complaint and other filings submitted to this Court asserting the same ownership structure. These concessions are dispositive. As a co-owner and co-licensor of "Moonraker," Mr. Holiday had the right to license its use to Parkwood. And he did so in 2022. As such, any copyright infringement claim based on that license necessarily fails.

Notwithstanding this fatal defect, Mr. Hirose and Mr. Hayes alleged in *Hirose Enters., LLC v. Holiday*, No. 2:25-CV-06973-MEMF-AJR (C.D. Cal. July 29, 2025) ("*Hirose I*") that another entity owned by Mr. Hirose, Hirose Enterprises, LLC (the "Florida LLC"), owned the copyright in "Moonraker" and that Parkwood's license from Mr. Holiday was invalid. This Court was not convinced, dismissing *Hirose I* twice (the second time without leave to amend). In so doing, this Court explicitly held that the Florida LLC could not allege an infringement claim against Parkwood for licensing "Moonraker" from Mr. Holiday, an alleged co-owner. *See Hirose I*, 2026 WL 851963, at *6 n.4 (C.D. Cal. Mar. 25, 2026).

Undeterred, Mr. Hayes and Mr. Hirose filed the instant case ("*Hirose II*") concerning, as they put it, "the same or substantially identical questions of law and

fact" as *Hirose I*. Dkt. No. 2 at 2–3. In *Hirose II*, Plaintiffs allege that a different entity called Hirose Enterprise LLC (the "Delaware LLC") or Mr. Hirose individually (Plaintiffs are not sure which) owns the "Moonraker" copyright exclusively and that Mr. Holiday retained no ownership or third-party licensing rights at all. Plaintiffs thus allege that Parkwood infringed the "Moonraker" copyright when it used that work pursuant to a license with Mr. Holiday. As alleged support for these claims, Plaintiffs point to two copyright assignments and a quitclaim agreement that purportedly establish the Delaware LLC's ownership. Tellingly, all three agreements were executed on July 18, 2026, about three weeks *after* this Court granted Parkwood's motion to dismiss in *Hirose I* without leave to amend. But these new allegations cannot be squared with Mr. Hirose's prior sworn statements and Mr. Hayes's signed filings in *Hirose I.* Nor can they be reconciled with the law and this Court's clear holding. This Court's prior order put Mr. Hirose and Mr. Hayes unequivocally on notice that these claims are untenable. Nonetheless, they continue to pursue them. There is no justifiable excuse for doing so.

Indeed, the only reasonable conclusion for this Court to draw is that Mr. Hayes and Mr. Hirose knew the allegations and claims in *Hirose II* were baseless but filed anyway. It is axiomatic that knowingly or recklessly filing false allegations or meritless claims is bad faith, and warrants terminating and monetary sanctions under Rule 11. Even generously assuming that Mr. Hirose and Mr. Hayes somehow did not know that the *Hirose II* complaint was frivolous, sanctions are still appropriate. In light of Mr. Hirose and Mr. Hayes's admissions that Mr. Holiday retains co-ownership and licensing rights in "Moonraker," Plaintiffs' claims—premised on directly contrary allegations—are objectively baseless. And even the most cursory review of the relevant law and facts would have disclosed that this Court's prior ruling on a near identical claim fatally undermines Plaintiffs' claims here. It is thus apparent that Mr. Hayes and Mr. Hirose did not conduct a reasonable inquiry of the

allegations and the merits of the *Hirose II* complaint before signing and filing it, as required by Rule 11. Sanctions are warranted for this independent reason.

Accordingly, this Court should strike the *Hirose II* complaint, dismiss Plaintiffs' claims with prejudice, and award monetary sanctions sufficient to deter Mr. Hayes and Mr. Hirose from initiating similarly frivolous actions against Parkwood.

## II. STATEMENT OF FACTS

*Hirose I* was filed on July 29, 2025. *See generally* Washington Decl. Ex. 3 (Compl., Dkt. No. 1, *Hirose I*). There, the Florida LLC—represented by Mr. Hayes and with Mr. Hirose as its sole principal, alleged that in approximately 1998, Mr. Holiday authored the sound recording and musical composition entitled "Moonraker" and subsequently "transferred any and all rights to the sound recording, ('Master Recording') of 'Moonraker'" to Soundmen. *Id.* ¶¶ 13-15. The *Hirose I* complaint made clear that Mr. Holiday did not assign all *composition* rights to Soundmen. Rather, the Florida LLC alleged that Mr. Holiday and Soundmen "equally split all publishing revenue from the composition of 'Moonraker' on a 50/50 basis" and that Soundmen accordingly transferred only "½ ownership of the publishing rights to the composition, 'Moonraker'" to the Florida LLC. *Id.* ¶¶ 14, 16.

After Parkwood's counsel informed Mr. Hayes that the Florida LLC could not maintain a copyright infringement claim because Parkwood had obtained a valid license from Mr. Holiday[1]—a co-owner of "Moonraker"—the Florida LLC amended its complaint. Washington Decl. ¶ 2. The First Amended Complaint ("FAC") alleged that Mr. Holiday "transferred any and all rights to the sound recording . . .

[1] On September 6, 2022, Parkwood entered into a license agreement with Mr. Holiday for the use of a portion of "Moonraker" in the "Alien Superstar" track on Beyoncé Knowles-Carter's 2022 *Renaissance* album. *See generally* Washington Decl. Ex. 10 (Non-Exclusive License-Agreement, Dkt. No. 38-2, *Hirose I*).

*and composition* of 'Moonraker'" to Soundmen and that the Florida LLC thereafter "acquired 100% ownership of the sound recording 'Moonraker' *and* of the publishing rights to the composition, 'Moonraker'" from Soundmen. Washington Decl. Ex. 4 (FAC, Dkt. No. 37, *Hirose I*) ¶¶ 18, 20 (emphases added). When Parkwood moved to dismiss the FAC, Mr. Hirose—who is the principal of both the Florida LLC and the Delaware LLC and a named Plaintiff in *Hirose II*—submitted a sworn declaration in opposition stating that he owned only a "50 percent publishing share" in "Moonraker." Washington Decl. Ex. 5 (Declaration of Shuji Hirose ("First Hirose Decl."), Dkt. No. 42-1, *Hirose I*) ¶ 2. Mr. Hirose also declared that Mr. Holiday transferred only "50/50 publishing" rights to Soundmen with "***third-party licensing rights shared equally***." *Id.* ¶ 7 (emphasis added).

This Court dismissed the Florida LLC's FAC in full, explaining that the Florida LLC could not "amend pleadings to 'directly contradict[t] an earlier assertion made in the same proceeding.'" *Hirose I*, 2026 WL 851963, at *6 (citing *Air Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595, 600 (9th Cir. 2014)). Accordingly, the Florida LLC's concession that Mr. Holiday was "a co-owner of the copyright" meant "Holiday had the right to license the copyright material to Parkwood." *Id.* at *5–6, *6 n.4.

Despite this Court's admonishment that the Florida LLC was bound by its admission that Mr. Holiday co-owned "Moonraker," the Florida LLC filed a Second Amended Complaint ("SAC"), again claiming that Mr. Holiday did not retain "any co-ownership interest in the copyright." Washington Decl. Ex. 7 (SAC, Dkt. No. 64, *Hirose I*) ¶ 20. The SAC also conceded that the Florida LLC was not incorporated until *after* both the copyright registration of "Moonraker" and the filing of the original complaint in *Hirose I*, but alleged that the Florida LLC somehow "ratified" those actions *post hoc* after Mr. Hirose supposedly "assigned all right, title, and interest" in "Moonraker" to the Florida LLC. *See id.* ¶¶ 34–35. Further, the SAC alleged for the first time that Mr. Holiday and Soundmen entered into "a series

of written and signed exclusive recording agreements" beginning in January 1998, though none of the purported written agreements were attached to the SAC. *Id.* ¶ 19; *see also id.* ¶ 23. It also pleaded an entirely new chain of title. The FAC alleged a direct 2008 transfer from Soundmen to the Florida LLC. Washington Decl. Ex. 4 (FAC) ¶ 20. Parkwood argued that alleged transfer was impossible because Soundmen dissolved in 2002 and the Florida LLC did not exist until August 6, 2025. *See* Washington Decl. Ex. 6 (Motion to Dismiss FAC, Dkt. No. 38 at 4–5, *Hirose I*). The SAC attempted to plead around this issue, alleging: (1) Mr. Holiday transferred rights to Soundmen in 1998; (2) prior to Soundmen's dissolution, Mr. Hirose, the "sole principal of Soundmen," assigned the catalogue and copyright interests to himself individually; and (3) on August 6, 2025, Mr. Hirose assigned all rights to the Florida LLC. *Id.* ¶¶ 32–34. Finally, the SAC introduced (but did not attach) a brand new 2015 agreement that purportedly confirmed "100% master recording ownership by Soundmen on Wax" and the 50/50 revenue split regarding "Moonraker." *Id.* ¶ 37.

When Parkwood once again moved to dismiss, the Florida LLC conceded in its opposition "that publishing rights to Moonraker are controlled by the 'original publishers,' which Plaintiff understands" to include Mr. Holiday. Washington Decl. Ex. 8 (Opposition to Motion to Dismiss SAC, Dkt. No. 70, *Hirose I*) at 7. And Mr. Hirose again declared under penalty of perjury "that Holiday retained certain publishing interests." Washington Decl. Ex. 9 (Declaration of Shuji Hirose ("Second Hirose Decl."), Dkt. No. 70-1, *Hirose I*) ¶ 17. Acknowledging the standing issue created by its post-filing formation, the Florida LLC also contended, for the first time, that the Delaware LLC (which was not a party to *Hirose I*) actually owned "Moonraker" and was the real party in interest. Washington Decl. Ex. 8 (Opposition to Motion to Dismiss SAC) at 10. The Florida LLC abandoned the newly alleged 2015 agreement from the SAC, instead pointing to two supposed agreements from 2016 and 2017, neither of which were ever alleged in the complaint, FAC, or SAC.

*See id.* at 16–17. On June 26, 2026, this Court granted Parkwood's motion to dismiss the SAC without prejudice and without leave to amend, finding that the Florida LLC lacked Article III standing.[2] *See Hirose I*, 2026 WL 1915708, at *3 (C.D. Cal. June 26, 2026).

On August 10, 2026, Mr. Hayes filed *Hirose II*, a copyright infringement action against Parkwood on behalf of the Delaware LLC and Mr. Hirose individually. *See* Dkt. No. 1. Plaintiffs' Notice of Related Cases acknowledges that *Hirose II* is based on "the same events and occurrences" and "the same or substantially identical questions of law and fact" as *Hirose I*. Dkt. No. 2 at 2–3. Nevertheless, Plaintiffs allege that Mr. Holiday "transferred to Soundmen all of Holiday's right, title, and interest in and to the sound recording of "Moonraker" and . . . the underlying musical composition, in exchange for a flat fee of One Thousand Five Hundred Dollars ($1,500) and an agreement to divide publishing revenue from the composition equally between Holiday and Soundmen." Dkt. No. 1 ¶ 19. According to Plaintiffs, that agreement "transferred all right, title, and interest in the master recordings and copyright ownership to Soundmen." *Id.* ¶ 20. Two confirmatory copyright assignment agreements—one between Soundmen and Mr. Hirose and one between Shuji Hirose and the Delaware LLC—and a quitclaim assignment between the Florida LLC and the Delaware LLC are attached to Plaintiffs' *Hirose II* complaint. *See* Dkt. Nos. 1-6, 1-7, 1-8. Plaintiffs allege that those documents establish that the Delaware LLC, not the Florida LLC, is the rightful owner of the "Moonraker" copyright as Soundmen's successor-in-interest. Notably, all were executed on July 18, 2026, approximately three weeks after this Court granted Parkwood's motion to dismiss the SAC in *Hirose I* without leave to amend.[3] *See id.*; *see also Hirose I*, 2026 WL 1915708.

---

[2] Judge Mark C. Scarsi dismissed *Hirose I* on behalf of this Court.

[3] Mr. Hirose and Mr. Hayes never provided a single written transfer agreement that comprised their alleged chain of title in *Hirose I*, despite Parkwood's repeated

On September 23, 2026, Parkwood served a letter and this motion via email service on Mr. Hayes notifying him that his and Mr. Hirose's conduct violated Federal Rule of Civil Procedure 11. *See* Washington Decl. Ex. 1 (Notice of Conduct Warranting Rule 11 Sanctions) ("Rule 11 Letter"); Washington Decl. Ex. 2 (Proof of Service). The Rule 11 Letter explained the bases for this motion. *See generally* Rule 11 Letter. Parkwood requested that Plaintiffs voluntarily dismiss this case with prejudice. *Id*. On October 1, 2026, Parkwood's counsel requested a meet and confer with Plaintiffs' counsel concerning the prospective motion. Washington Decl. ¶ 15. When Plaintiffs' counsel did not respond, Parkwood's counsel followed up on October 6, 2026. As of the filing of this motion, Plaintiffs' counsel has not responded, and neither Plaintiffs nor their counsel have agreed to dismiss Plaintiffs' claims. *Id.* ¶¶ 4, 15.

## III. LEGAL STANDARD

Under Rule 11, an attorney submitting papers to the Court certifies, among other things, that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and "the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(2), (3); *see also Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) ("An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing law.'"). One of the fundamental purposes of Rule 11 is to "reduce frivolous claims, defenses or motions and to deter costly meritless

---

requests. *See* Washington Decl. ¶ 3. Indeed, Mr. Hayes admitted that he had not seen nor reviewed any of the agreements that allegedly made up the chain of title at issue in *Hirose I*. *See id.* In *Hirose II*, Mr. Hirose and Mr. Hayes still have not provided a single written transfer agreement other than the two confirmatory copyright assignments and a quitclaim assignment and acknowledgement that were executed weeks after *Hirose I* was dismissed. Washington Decl. ¶ 3; *see* Dkt. Nos. 1-6, 1-7, 1-8.

maneuvers, thereby avoiding delay and unnecessary expense in litigation." *Id.* (citation modified).

"If new or revised allegations are made in bad faith, a court may, pursuant to Federal Rule of Civil Procedure 11, impose sanctions, including dismissal." *Parts.com, LLC v. Google Inc.*, 2014 WL 12461256, at *3 (S.D. Cal. June 25, 2014); *see also PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007). But "violation of the rule does not require subjective bad faith." *Oneto v. Watson*, 808 F. Supp. 3d 974, 977 (N.D. Cal. 2025); *see also Bradshaw v. City of L.A.*, 750 F. Supp. 3d 1096, 1105 (C.D. Cal. 2024). Where a Rule 11 motion is based on a complaint, a court also independently considers whether: (1) the complaint is legally or factually baseless from an objective perspective, and (2) the attorney has conducted a reasonable and competent inquiry before signing and filing it. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citations omitted); *see also Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (affirming that sanctions are justified where filings are made "without a reasonable and competent inquiry"); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991) (holding that pleadings may only be submitted after counsel has "conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both"). "Both the 'baseless' and 'reasonable inquiry' determinations are governed by an objective reasonableness standard." *Patterson v. Apple Computer, Inc.*, 256 F. App'x 165, 168 (9th Cir. 2007) (citing *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996)).

If Rule 11 "has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "'The district court has wide discretion in determining the appropriate sanction for a Rule 11 violation,' including the discretion to dismiss the action." *Cash v. Credit Control, LLC*, 2025 WL 2946972, at *5 (C.D. Cal. Oct. 16, 2025) (citing *Mellow v. Sacramento Cnty.*, 365 F. App'x

57, 58 (9th Cir. 2010)). Not all of a complaint's claims must be frivolous for Rule 11 sanctions to be warranted. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990).

## IV. ARGUMENT

### A. The *Hirose II* Complaint Was Filed In Bad Faith; Sanctions Are Warranted.

Under Rule 11, "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument." *See Bols v. Newsom*, 2022 WL 17968082, at *8 (S.D. Cal. Sept. 27, 2022). The same standard for bad faith applies to parties. *See Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2005 WL 1513130, at *16 (N.D. Cal. June 22, 2005) ("Bad faith is present when a party knowingly or recklessly raises a frivolous argument."). Mr. Hirose and Mr. Hayes easily meet that standard here.

The original *Hirose I* complaint alleged that Mr. Holiday retained one-half ownership interest in the publishing rights to "Moonraker." Washington Decl. Ex. 3 (Compl.) ¶¶ 14, 16. And Mr. Hirose attested that Mr. Holiday retained co-ownership of the "Moonraker" copyright, including that "***third-party licensing rights [were] shared equally***" between Mr. Holiday and Soundmen. Washington Decl. Ex. 5 (First Hirose Decl.) ¶ 7 (emphasis added); *see supra* section II. Mr. Hayes, as experienced counsel specializing in entertainment and copyright law,[4] must have known that under governing law Mr. Holiday's co-ownership and co-licensing rights were fatal to Plaintiffs' copyright claims.[5]

---

[4] https://hayes-lawfirm.com/entertainment-law/

[5] Mr. Hayes's signed filings and Mr. Hirose's sworn declarations sufficiently establish their knowledge of Mr. Holiday's co-ownership and co-licensing rights. *See Bus. Guides, Inc.*, 498 U.S. at 545–46 (under Rule 11, "*all* signers, not just attorneys, are on notice that their signature constitutes a certification as to the contents of the document.") (emphasis in original); *see also* Washington Decl. Ex. 5 (First Hirose Decl.) ¶ 1 ("The following statements are based on my *personal knowledge* and records.") (emphasis added).

But if there was any doubt that Mr. Hayes somehow did not know the relevant law (and there is not), the Court and Parkwood's counsel already explained it. When the original *Hirose I* complaint was filed, Parkwood explained to Mr. Hayes that Mr. Holiday's alleged co-ownership of the copyright undermined any copyright infringement claim against Parkwood. *See* Washington Decl. ¶ 2. And this Court later held that because Mr. Holiday held 50% of the publishing rights, the Florida LLC had "not alleged exclusive ownership to establish statutory standing" and that Holiday, as a co-owner, "had the right to license the copyright material to Parkwood." *Hirose I*, 2026 WL 851963, at *6 n.4 (citing *Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984) ("[E]ach co-owner has an independent right to use or license the use of the copyright." (citations omitted)).

Unwilling to accept the unavoidable conclusion that a copyright infringement claim against Parkwood could not proceed, Mr. Hayes and Mr. Hirose doubled down, experimenting with various conflicting, unsupported iterations of an alleged chain-of-title furthering the Florida LLC's purported ownership of "Moonraker." When that did not work, they abandoned the Florida LLC altogether and offered up "confirmatory" agreements purporting to show that the Delaware LLC really owned the copyright. They continue to press that claim now in *Hirose II*, even though they know that Mr. Hirose's sworn declarations, pleadings and filings signed by Mr. Hayes, and this Court's order all reject the fundamental premise those claims are based on. Mr. Hayes and Mr. Hirose also know that allegations "at odds" with their prior concessions of Mr. Holiday's continuing ownership interest will not be credited by this Court, because this Court has already explicitly told them so. *See Hirose I*, 2026 WL 851963, at *6–7. Indeed, they acknowledge *Hirose II* is based on "the same events and occurrences" and "the same or substantially identical questions of law and fact" as *Hirose I*. Dkt. No. 2 at 2–3.

Such conduct by Mr. Hayes and Mr. Hirose is therefore "not the product of reasonable mistake" or "mere inaccuracies that would 'likely have [had] evidentiary

support after a reasonable opportunity for further investigation or discovery.'" *Hunt v. Sunny Delight Beverages Co.*, 2018 WL 6786265, at *4 (C.D. Cal. Dec. 18, 2018) (citing Fed. R. Civ. P. 11(b)(3)). The only fair description for Plaintiffs' claims in *Hirose II* is knowingly frivolous. *See id*. As a result of Mr. Hirose's and Mr. Hayes's bad faith, sanctions, including dismissal, are warranted. *See O'Coirbhin v. PNC Fin. Servs. Grp., Inc.*, 2026 WL 114416, at *2 (N.D. Cal. Jan. 15, 2026) ("Because the basis of th[e] claim [was] factually baseless due to Plaintiff's prior sworn statement filed by Plaintiff's Counsel," dismissal of the claim with prejudice and monetary sanctions were warranted).

**B. <u>Even Absent Bad Faith, Sanctions Are Warranted</u>.**

Even if the Court is not inclined to find bad faith here (and it should), sanctions are still warranted. Plaintiffs' claims lack any credible factual or legal basis because Mr. Hirose has declared that Mr. Holiday co-owns the copyright and retained third-party licensing rights. And even assuming *arguendo* that Mr. Hirose or Mr. Hayes did not know the import of those sworn statements to Plaintiffs' claims (and they did), their failure to identify their obvious impact before filing the *Hirose II* complaint demonstrates that they did not conduct the reasonable and competent inquiry required. That is sufficient to justify sanctions against both Mr. Hirose and Mr. Hayes. *See Holgate*, 425 F.3d at 676 (a complaint is "frivolous" and sanctionable under Rule 11 when it is "both baseless and made without a reasonable and competent inquiry."); *see also Realtek Semiconductor Corp. v. MediaTek, Inc.*, 820 F. Supp. 3d 914, 923 (N.D. Cal. 2026) ("Federal Rule of Civil Procedure 11 permits a court to impose sanctions on an attorney, law firm, or party who fails to conduct a reasonable pre-suit inquiry, brings a suit for an improper purpose, or raises objectively frivolous claims.").

There is no basis for Plaintiffs' allegation that either Mr. Hirose or the Delaware LLC has exclusive ownership of the "Moonraker" copyright. *See supra* section IV.A. Plaintiff Mr. Hirose in *Hirose I* under penalty of perjury stated that

Mr. Holiday retained co-ownership of the "Moonraker" copyright and the right to license that copyright to third parties. Plaintiffs' current claims that Mr. Holiday was not a co-owner and could not license "Moonraker" to others are thus objectively baseless on that ground alone.[6] *See Christian*, 286 F.3d at 1129 (a complaint is "frivolous" when filed "in the face of undisputed evidence" to the contrary).

Even a cursory inquiry by any competent attorney or party would have disclosed that fact. But this is not the typical scenario where the Court must determine whether "a competent attorney" in Mr. Hayes' position "after reasonable inquiry, would have a good faith belief in the merit" of their arguments. *See Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1164 (9th Cir. 1991) ("Rule 11 sanctions should be applied if a competent attorney, after reasonable inquiry, would not have a good faith belief in the merit" of their arguments). *This* Court already informed *this* attorney that the very arguments he continues to press lack any merit. Mr. Hayes cannot simply turn a blind eye to the facts before him and proceed with impunity.[7] Rule 11 requires more of officers of the court. *Imprenta Servs., Inc. v. Karll*, 2022 WL 3012820, at *12–13 (C.D. Cal. May 13, 2022) (when a litigant "continues to repeat [] objectively baseless allegation[s]" and asserts allegations "lacking evidentiary support," courts conclude that they "did not conduct a reasonable and competent inquiry before signing and filing the Complaint."); *Townsend*, 929 F.2d

---

[6] The allegations filed by Mr. Hayes and Mr. Hirose and his various entities concerning which entity or individual allegedly owns the copyright, how much of the copyright they own, and whether they assert infringement claims concerning the sound recording, composition, or both have varied wildly across *Hirose I* and *Hirose II*. But in the First Hirose Declaration—filed before the Court's order dismissing the FAC—Mr. Hirose swore under penalty of perjury that Mr. Holiday retained a "50 percent publishing share" and that "third-party licensing rights were shared equally." Dkt. No. 42-1, *Hirose I*, ¶¶ 2, 7. Mr. Hayes and Mr. Hirose were required to consider the import of that declaration before filing *Hirose II*.

[7] To the extent Mr. Hayes contends that he could not have known Mr. Hirose's admissions in *Hirose I* would control here, he is wrong. Even a surface-level review of the law would have informed him that the Court would estop him "from gaining an unfair advantage by taking inconsistent positions" in *Hirose I* and *Hirose II*. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

at 1366 (disregarding sworn affidavit contradicting allegations demonstrated lack of inquiry justifying terminating sanctions).

Mr. Hirose and Mr. Hayes, however, now again rewrite history, executing *post hoc* "confirmatory" copyright assignments and a quitclaim designed to gild Plaintiffs' claims in an imprimatur of legitimacy. *See* Dkt. Nos. 1-6, 1-7, 1-8; *see also Hirose I*, 2026 WL 1915708. But the record shows the *Hirose II* complaint for what it is: "Plaintiff brought forth new factual contentions without evidentiary support" and they are now "making up facts necessary to support them." *Cash*, 2025 WL 2946972, at *5 (dismissing with prejudice under Rule 11 where necessary to deter repeat conduct). "[W]hatever excuse [Mr. Hayes and Mr. Hirose] could have had for not understanding the law went out the window months ago." *See Kinney v. Bridge*, 2017 WL 130240, at *3 (N.D. Cal. Jan. 13, 2017). Still, Mr. Hirose and Mr. Hayes have "continued to insist upon a frivolous position long after [they were] informed—and informed again, and again, and again—that it is 'no longer tenable.'" *Id*. Under those circumstances, sanctions are appropriate.

### C. <u>The Court Should Strike And Dismiss The Complaint And Order Monetary Sanctions</u>.

The "central purpose of Rule 11 is to deter baseless filings in district court" and to "streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). When, as here, a litigant knowingly or recklessly makes false allegations or pursues meritless claims, courts will strike the offending pleading and dismiss the claims. *Hunt*, 2018 WL 6786265, at *4. The record demonstrates that Mr. Hayes and Mr. Hirose have known (or should have known) since at latest the Court's March 25, 2026 order that the allegations of exclusive ownership in *Hirose I* and *II* were false or lacked any evidentiary support, and that the attendant copyright claims were thus meritless. Still, they have continued to repeat those baseless allegations and pursue frivolous claims across two separate actions. Striking the *Hirose II* complaint and dismissing

Plaintiffs' claims is the appropriate sanction. *See Cash*, 2025 WL 2946972, at *5 (dismissing with prejudice under Rule 11 where necessary to deter repeat conduct); *Hunt*, 2018 WL 6786265, at *4 (striking the complaint under Rule 11 where "Plaintiffs and their counsel knowingly made false factual contentions"); *Ivanova v. Columbia Pictures Indus., Inc.*, 217 F.R.D. 501, 512 (C.D. Cal. 2003) (striking all alleged facts and references under Rule 11 which were "contrary to known facts"); *see also Carroll Shelby Wheel Co., Inc. v. Carroll Shelby Tr.*, 2017 WL 3485760, at *9 (C.D. Cal. Feb. 21, 2017) (dismissing with prejudice claims plaintiff should have known were frivolous because investigation would have shown that factual contentions lacked evidentiary support).

Monetary sanctions are also warranted. "[W]here the original complaint is the improper pleading, all attorney fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions." *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993). Parkwood has already expended considerable resources defending against Plaintiffs' *Hirose II* complaint, including preparing the instant motion, serving it with formal correspondence on Plaintiffs' counsel, and—because Plaintiffs have refused to withdraw the complaint—preparing a motion to dismiss Plaintiffs' claims. Parkwood's expenses are an appropriate basis for a monetary sanctions award. *See Mitchener v. Talkspace Network LLC*, 2025 WL 1822801, at *13 (C.D. Cal. June 27, 2025) (awarding all attorney's fees and costs "incurred in connection with the Sanctions Motion, a portion of the fees attributable to the MTD and all other reasonable attorney's fees incurred at this point in defending this action."). Given Mr. Hirose and Mr. Hayes' demonstrated proclivity for continuing to pursue untenable claims, the Court should also consider what penalty is necessary to deter Mr. Hirose and Mr. Hayes from initiating similarly baseless actions against Parkwood, and it should adjust the sanction as needed to accomplish that end. *Paciulan v. George*, 38 F. Supp. 2d 1128, 1147 (N.D. Cal. 1999), aff'd, 229 F.3d 1226 (9th Cir. 2000).

## V. CONCLUSION

For the foregoing reasons, Parkwood respectfully requests that the Court impose the following sanctions: (1) strike the *Hirose II* complaint and dismiss Plaintiffs' claims with prejudice; (2) require Plaintiffs' counsel and Mr. Hirose to reimburse Parkwood for reasonable costs and attorney's fees Parkwood has incurred in defending against Plaintiffs' baseless lawsuit, including in connection with preparing and filing this motion, responding to Plaintiffs' complaint, and for all other expenses directly resulting from Plaintiffs' counsel's and Mr. Hirose's Rule 11 violations; and (3) any other penalties and nonmonetary directives that the Court considers appropriate under Federal Rule of Civil Procedure 11(c)(4).

Dated: October 15, 2026

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: */s/ Laura R. Washington*
Laura R. Washington

*Attorneys for Defendant*
*Parkwood Entertainment, LLC*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Parkwood Entertainment, LLC, certifies that this brief contains 4,978 words, which complies with Local Rule 11-6.1 and the word limit set by the Standing Order dated July 1, 2026.

Dated: October 15, 2026

By: */s/ Laura R. Washington*
Laura R. Washington