Pryor Cashman LLP
1901 Avenue of The Stars, Ste. 900
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

Ilene S. Farkas (*pro hac vice forthcoming*)
*ifarkas@pryorcashman.com*
Rebecca Mandel (State Bar No. 340990)
*rmandel@pryorcashman.com*
**PRYOR CASHMAN LLP**
1901 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

*Attorneys for Defendants Sony Music Entertainment, Sony Music Publishing (US) LLC and W Chappell Music Corp.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HIROSE ENTERPRISE LLC, et al.,

Plaintiffs,

vs.

JOHN HOLIDAY, et al.,

Defendants.

Case No. 2:26-cv-08851-MEMFR-AJR

**NOTICE OF JOINDER AND JOINDER OF DEFENDANTS SONY MUSIC ENTERTAINMENT, SONY MUSIC PUBLISHING (US) LLC AND W CHAPPELL MUSIC CORP. IN DEFENDANT PARKWOOD ENTERTAINMENT, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Date: February 4, 2027

Time: 10:00 a.m.

Place: Courtroom 8B

Pryor Cashman LLP
1901 Avenue of The Stars, Ste. 900
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Please take notice that Defendants Sony Music Entertainment, Sony Music Publishing (US) LLC, erroneously sued as Sony Music Publishing, LLC, and W Chappell Music Corp. *d/b/a* WC Music Corp. (collectively, "Defendants"), through their undersigned counsel hereby join in Defendant Parkwood Entertainment, LLC's ("Parkwood") Motion to Dismiss Plaintiffs' Complaint ("Compl.") pursuant to Rule 12(b)(6) and Rule 12(f)(2) (the "Motion"). (Dkt. No. 37).

Defendants respectfully join in the Motion in the following respects, and state that the Complaint filed by Plaintiffs Hirose Enterprise LLC (the "Delaware LLC") and Shuji Hirose ("Hirose") (together, "Plaintiffs")—which reasserts, through a newly substituted plaintiff entity, the same claims this Court already dismissed in *Hirose Enterprises, LLC v. Holiday*, No. 2:25-cv-06973-MEMF-AJR (C.D. Cal.) ("*Hirose I*")—is deficient for at least the following reasons:[1]

1. **Plaintiffs' claims are time barred**. As set forth in the Motion, the core of this action is ownership of "Moonraker." Plaintiffs' claims against every defendant rise or fall on whether Plaintiffs, rather than Defendant John Holiday ("Holiday")—from whom Parkwood obtained its license—own "Moonraker". (Compl. ¶¶ 3, 18–40, 46–47). Where the gravamen of the dispute is ownership, the claim accrues only once—upon repudiation of plaintiff's ownership—and infringement claims that depend on a time-barred ownership claim are likewise barred. *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254, 1257 (9th Cir. 2013). That rule applies with full force to Defendants, as Plaintiffs' own allegations confirm:

   a. First, Plaintiffs allege that Defendants exploited "Alien Superstar" openly and worldwide beginning in July 2022, and that "all Defendants have

[1] Defendants were also named as defendants in *Hirose I*, and joined in Parkwood's motion to dismiss the Second Amended Complaint in that action. Plaintiffs' Notice of Related Cases concedes that this action arises from "the same events and occurrences" and presents "the same or substantially identical questions of law and fact" as *Hirose I*. (Dkt. No. 2 at 2–3).

continued their exploitation of the infringing work after the assertion of Plaintiffs' rights." (Compl. ¶¶ 14–16, 51–53; *see also id.* ¶ 3). Plaintiffs further allege that the January 30, 2023 notice on which Parkwood's repudiation rests was sent to counsel for Parkwood and for Columbia Records, through which "Alien Superstar" was distributed (*id.* ¶¶ 42, 49, 51), and that each Defendant acted as the agent of, in concert with, or with the authorization of the others (*id.* ¶ 17). Defendants' open and notorious exploitation of "Alien Superstar" after receipt of the January 2023 notice, without credit or payment to either Plaintiff, certainly repudiated Plaintiffs' claimed ownership before August 2023—more than three years before this action was filed on August 10, 2026. *See Zahedi v. Miramax, LLC*, 2022 WL 4596551, at *7 (C.D. Cal. Aug. 19, 2022); *Santa-Rosa v. Combo Recs.*, 471 F.3d 224, 228 (1st Cir. 2006).

b. Second, Plaintiffs concede that Hirose was discussing the licensing of "Moonraker" for "Alien Superstar" with Holiday by August 3, 2022, and had retained counsel to pursue the matter by October 2022. (Compl. ¶¶ 45, 48). Plaintiffs proceeded to do nothing for more than three years even though Hirose was fully aware that Parkwood did not obtain a license from either Plaintiff in connection with its exploitation of "Alien Superstar." Plaintiffs cannot revive a stale ownership dispute by repackaging it as infringement claims against Defendants.[2] Thus, Plaintiffs' claims are time-barred under the applicable three-year statute of limitations.

2. **Plaintiffs fail to plausibly allege ownership of "Moonraker".** As set forth in the Motion, the Complaint relies on yet another new and internally contradictory "chain of title" that is factually and legally insufficient.

[2] Nor can Plaintiffs rely on the July 29, 2025 filing of *Hirose I*. That action was brought by a different plaintiff, which did not exist when the action was filed, and it was dismissed for lack of Article III standing. (Compl. ¶¶ 8, 37, 40).



Pryor Cashman LLP
1901 Avenue of The Stars, Ste. 900
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

Pryor Cashman LLP
1901 Avenue of The Stars, Ste. 900
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

a. First, Plaintiffs still fail to allege written transfers of copyright ownership for key links in their "chain of title," as required by 17 U.S.C. § 204(a). Plaintiffs' ownership depends on (1) an alleged 1998 transfer from Holiday to Soundmen on Wax, Ltd. ("Soundmen"), which Plaintiffs admit they cannot provide and now allege was "lost" in 2005; (2) a transfer from Soundmen to Hirose "in or about 2002"; and (3) a transfer from Hirose to the Delaware LLC at some unspecified time between October 2014 and August 7, 2016. (Compl. ¶¶ 19, 21, 24, 29). Neither the second nor the third transfer is alleged to have been in writing when made. Instead, both are supposedly "memorialized" some 10 to 24 years later in a post-litigation document entitled, "Confirmatory Copyright Assignment[s]" that Hirose executed with himself and his own entities on July 18, 2026 (three weeks after this Court dismissed *Hirose I*). In this document, the assignment to the Delaware LLC leaves the date of the underlying transfer blank. (*Id.* ¶¶ 24, 29). Nor can this after-the-fact writing reliably memorialize any transfer from Hirose to the Delaware LLC. Plaintiffs themselves allege that, in or around August 2025, Hirose held the "mistaken belief" that he owned the "Moonraker" rights as an individual. (*Id.* ¶ 38). A writing executed in July 2026 to "confirm" an alleged pre-2017 transfer that the assignor himself did not believe had occurred as recently as August 2025—and that cannot even identify when that transfer supposedly took place—is too far removed in both time and circumstance to formalize the alleged pre-2017 transfer.

b. Second, Plaintiffs' allegations are facially implausible. Plaintiffs concede that the Delaware LLC's certificate of formation was canceled and not revived until April 2, 2026 (Compl. ¶ 9), yet allege that the Delaware LLC received the "Moonraker" catalog, entered into the 2016 and 2017 Heads

of Agreement, and was the named claimant on a copyright registration issued in March 2025 when it was not in existence. (*Id.* ¶¶ 29–31, 36). In addition to being factually and chronologically impossible, it appears that the copyright registration filed by the Delaware LLC in March 2025 on the claimed basis of a "written transfer" to it, at a time it admittedly did not exist, coupled with its admission in the Complaint that there was no purported written transfer to it until July 2026, constitutes a false statement to the Copyright Office to obtain the registration. Plaintiffs' allegation that the Delaware LLC's sole member held the "mistaken belief," in or about August 2025, that he owned the relevant rights as an individual (*id.* ¶ 38) further indicates that the false statement was knowingly made in connection with securing the registration. Plaintiffs likewise concede that Soundmen was dissolved in 2002, yet make the incredible allegation that it was somehow acting "in furtherance of the winding up of its affairs" 24 years later when it executed a confirmatory assignment in 2026 at a time when it undoubtedly did not legally exist. (*Id.* ¶¶ 24–25). This subsequent writing is too far removed in both time and circumstance to formalize the earlier transfer.

c. Third, Plaintiffs plead mutually exclusive theories of ownership. Plaintiffs allege in the alternative that Hirose has individually owned "Moonraker" since 2002 (Compl. ¶¶ 26, 34), while simultaneously alleging that Hirose's August 6, 2025 assignment of the same rights to the plaintiff in *Hirose I* was a "mistake[]" because he did not then hold them, and attaching a quitclaim to that effect. (*Id.* ¶¶ 38–39). As the Motion explains, Rule 8 does not permit a plaintiff to "blow[] hot and cold in the same cause of action," much less to execute conflicting agreements to support contradictory alternative allegations. *Hartford Cas. Ins. Co. v. Am. Dairy*

Pryor Cashman LLP
1901 Avenue of The Stars, Ste. 900
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

Pryor Cashman LLP
1901 Avenue of The Stars, Ste. 900
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

*& Food Consulting Lab'ys, Inc.*, 2009 WL 4269603, at *12 (E.D. Cal. Nov. 25, 2009).

d. Fourth, Plaintiffs' allegations directly contradict the pleadings and sworn declarations Hirose submitted in *Hirose I*. There, Hirose's entity alleged that Holiday retained a one-half interest in the "Moonraker" publishing rights, and Hirose swore that Holiday and Soundmen split those rights "50/50," with "third-party licensing rights shared equally." Plaintiffs now allege that Holiday transferred "all" of his right, title, and interest in "Moonraker" to Soundmen in 1998 by virtue of the "lost" alleged "agreement." (Compl. ¶ 19). The Court need not accept allegations that contradict matters properly subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

3. **Plaintiffs should be judicially estopped from alleging exclusive ownership**. As set forth in the Motion, Hirose—who controlled the plaintiff in *Hirose I* and controls both Plaintiffs here—conceded in *Hirose I* that Holiday retained an ownership interest in "Moonraker," and this Court relied on that concession in holding that "Holiday had the right to license the copyright material to Parkwood." *Hirose Enters., LLC v. Holiday*, 2026 WL 851963, at *6 n.4 (C.D. Cal. Mar. 25, 2026). It is well settled that a license from a co-owner of a copyright interest shields the licensee from any claim for infringement from any other claimed copyright owner. That holding is equally dispositive of Plaintiffs' claims against Defendants. Plaintiffs' theory of liability against Defendants is derived from that against Parkwood: Plaintiffs allege that "Alien Superstar" is distributed pursuant to an agreement with Parkwood (Compl. ¶ 42), and the only basis on which Plaintiffs allege that any of Defendants' exploitation of "Alien Superstar" was unauthorized is that Holiday "purported to license rights he did not own." (*Id.* ¶¶ 3, 46–47, 50). If Plaintiffs are estopped from contesting Holiday's right to license "Moonraker," their claims against Defendants fail as well.

4. **Plaintiffs fail to state a claim for secondary liability**. Because Plaintiffs fail to plausibly allege direct infringement, they cannot allege secondary liability as to any of the Defendants. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007).[3] Moreover, Plaintiffs' vicarious infringement claim rests on the identical conclusory allegations the Motion addresses as to Parkwood—that the defendant had the "right and practical ability to supervise, control, limit, or stop" the alleged infringement, received a "direct financial benefit," and "declined" to act. (Compl. ¶¶ 69–71). Those allegations are insufficient as to Defendants for the same reasons they are insufficient as to Parkwood. *See Barnes v. Sanchez*, 2026 WL 1912085, at *7 (N.D. Cal. July 2, 2026); *Nazemian v. NVIDIA Corp.*, 2026 WL 1229583, at *7 (N.D. Cal. May 5, 2026).

5. **Plaintiffs' prayer for attorneys' fees should be stricken**. As set forth in the Motion, the Court should strike Plaintiffs' prayer for attorneys' fees because such fees are barred under 17 U.S.C. § 412 due to the Delaware LLC's delayed copyright registration. (*See* Compl., Prayer for Relief ¶ 4; 17 U.S.C. § 412). Plaintiffs' prayer for attorneys' fees (Prayer for Relief ¶ 4) is therefore barred as to Defendants.

6. **Dismissal should be with prejudice**. This is Hirose's fourth attempt to plead these claims, and the first three were dismissed. Plaintiffs' claims are barred by the statute of limitations, so amendment would be futile. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008). And Plaintiffs' ever-shifting and self-contradictory ownership allegations (including their recent after-the-fact "confirmatory" (and legally impossible) assignments that Hirose executed with himself weeks after *Hirose I* was dismissed) confirm that no amendment could cure the deficiencies identified in the Motion.

Accordingly, Defendants respectfully request that the Court dismiss Plaintiffs'

[3] The recent decision from the Supreme Court in *Cox Communications, Inc. v. Sony Music Ent.*, 607 U.S. 583, 592-594 (2026) has no bearing on or relevance to in this case (because, *inter alia*, Defendants are not internet service providers), nor have Plaintiffs alleged that Defendants induced infringement or tailored a tool or service related to the infringement at issue.

Pryor Cashman LLP
1901 Avenue of The Stars, Ste. 900
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

**Pryor Cashman LLP**
1901 Avenue of The Stars, Ste. 900
Los Angeles, California 90067
Telephone: (310) 556-9608
Facsimile: (310) 556-9670

Complaint as against Sony Music Entertainment, Sony Music Publishing (US) LLC, and W Chappell Music Corp. *d/b/a* WC Music Corp., with prejudice and without leave to amend.

**PRYOR CASHMAN LLP**

Dated: October 15, 2026 By: */s/ Rebecca Mandel*

Ilene S. Farkas (*pro hac vice forthcoming*)
*ifarkas@pryorcashman.com*
Rebecca Mandel
*rmandel@pryorcashman.com*

*Attorneys for Defendants Sony Music Entertainment, Sony Music Publishing (US) LLC and W Chappell Music Corp.*